ON MOTION FOR CLARIFICATION
PER CURIAM.
In consideration of the State’s motion for clarification, we withdraw our prior opinion and substitute this opinion in its stead.
In this direct appeal, Appellant, Bennie Louis Robbins, III, raises several challenges to his convictions and sentences that arose out of offenses that occurred in 2012 when he was a juvenile. Relying on the doctrine of statutory revival, the trial court sentenced Appellant to life imprisonment with the possibility of parole after twenty-five years for his first-degree felony murder conviction. After this sentence was imposed, the supreme court declined to adopt the doctrine of statutory revival. Horsley v. State, 160 So.3d 393, 406-08 (Fla.2015). Accordingly, we reverse that sentence consistent with the decision in Miller v. Alabama, 132 S.Ct. 2455 (2012). On remand, the trial court should resen-tence Appellant in conformance with chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes. See Horsley, 160 So.3d at 405-06. All other issues raised on appeal are affirmed without further comment.
AFFIRMED in part, REVERSED in part, and REMANDED.
ROWE, RAY, and OSTERHAUS, JJ., concur.